Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7519 | **DATE** | 9/27/2001 |
| **CASE TITLE** | Villatoro vs. Briley | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: We grant [13-1] the motion to dismiss Villatoro's petition for a writ of habeas corpus because he failed to file the instant petition within the one year statute of limitations required by the Antiterrorism and Effective Death Penalty Act. This case is terminated.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | SEP 28 2001 | |
| | Notified counsel by telephone. | date docketed | 15 |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| TSA | courtroom deputy's initials | 01 SEP 28 AM 9:32 date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| United States of America ex rel.<br>EDGAR VIILLATORO<br><br>          Petitioner,<br><br>v.<br><br>KENNETH R. BRILEY, Warden<br><br>          Respondent. | )<br>)<br>)<br>)<br>) No. 00 C 7519<br>)<br>) Wayne R. Andersen<br>) District Court Judge<br>)<br>) |

DOCKETED
SEP 2 8 2001

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on the motion of Respondent Kenneth Briley to dismiss the petition for a writ of habeas corpus filed by Petitioner Edgar Villatoro. Petitioner has never responded to this motion, although the court has allowed him over six months in which to file a response. Therefore, we will proceed to the merits of the motion and, for the following reasons, grant the motion.

## BACKGROUND

On January 12, 1995, following a bench trial, the Circuit Court of Cook County found Villatoro guilty of first degree murder and sentenced him to a prison term of forty years. Villatoro appealed his conviction, but it was affirmed by the Illinois Appellate Court on November 22, 1996. Villatoro next sought leave to appeal to the Illinois Supreme Court, but that petition was denied on April 2, 1997 and Villatoro's conviction became final.

On September 29, 1997, Villatoro filed a timely *pro se* petition for post-conviction relief. That petition wad denied on December 15, 1997. Villatoro next filed a notice of appeal dated January 5, 1998, but on June 9, 1998, filed a petition for revestment in the Illinois Appellate

Court., requesting that it revest the Circuit Court with jurisdiction to adjudicate an amended petition for post-conviction relief. Villatoro argued in that petition that fairness required him to present ineffective assistance of counsel claims to the Circuit Court. Attached to this petition was an amended post-conviction petition raising claims that he had not previously raised in his original petition, as well as a Sixth Amendment claim. The Illinois Appellate Court denied Villatoro's request for revestment.

Villatoro had acquired appellate counsel to handle the appeal of the denial of his post-conviction petition, but that counsel withdrew pursuant to Pennsylvania v. Finley, 481 U.S. 551 (1987), asserting that there were no appealable issues resulting from the denial of Villatoro's post-conviction petition. The Appellate Court affirmed the judgment of the Circuit Court on March 30, 1999. Villatoro did not seek leave to appeal.

On May 11, 1999, nearly two years after his conviction became final, Villatoro filled a second *pro se* post-conviction petition. He raised all of the same claims that he had raised the amended petition which he had attached to his petition for revestment and added two more: (1) the Circuit Court unfairly had denied him the opportunity to amend his petition and (2) the Circuit Court had failed to grant him an evidentiary hearing. On June 24, 1999, this successive petition was denied with no explanation from the Court. Once again, Villatoro was appointed appellate counsel to represent him in connection with the denial of the successive petition, and once again that counsel moved to withdraw from the appeal. In his motion to withdraw, appellate counsel maintained that there were no appealable issues and, further, that the judge below had correctly ruled that "[b]ecause the law does not permit the filing of a successive petition...unless fundamental fairness has been shown denied in the original petition....there was

2

no basis for petitioner to again seek post-conviction relief." (Exhibit K to Respondent's Motion to Dismiss).

On March 14, 2000, the Illinois Appellate Court granted this motion to withdraw and, further, denied Villatoro's appeal. The court held that there were no appealable issues of merit because Villatoro had failed to overcome the procedural bar of his successive petition. Villatoro moved the Illinois Supreme Court for leave to appeal this decision, but that motion was denied on October 10, 2000. Villatoro's next move was to file the instant petition on November 29, 2000.

In his petition before this court, Villatoro raises several constitutional claims, none of which is a claim of innocence.

## DISCUSSION

In his motion to dismiss, Respondent Bailey argues that Villatoro's second petition for state post-conviction relief was not properly filed and thus did not serve to toll the one year statute of limitations found in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1).

The AEDPA states that the running of the statute of limitations period begins at the occurrence of one of four events:

> (A) the date on which the judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review;

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA also contains a tolling provision that states that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Respondent argues that because Villatoro's second petition for post-conviction relief was not properly filed, it cannot serve to toll the one year statute of limitations period pursuant to § 2244(d)(2). Specifically, Respondent claims that when the Circuit Court of Cook County dismissed Villatoro's second petition for post-conviction relief, it did so based on procedural defects in the petition rather than on the merits of the petition itself. Because more than one-year has elapsed from the time that Villatoro's conviction became final until the time the instant petition was filed, respondent argues that it is barred. This argument fails if we include the time that the second post-conviction petition was pending as properly tolling the statute of limitations.

Villatoro clearly is subject to the one-year statute of limitations because his petition was filed after April 24, 1996. Respondent correctly notes that, on July 1, 1997, ninety days after the conclusion of his direct appeal, the conviction of Villatoro (who did not elect to file a petition for certiorari before the United States Supreme Court) became final. Villatoro expended eighty-nine

days of the one year period allotted by statute before he actually filed his first post-conviction petition, which then acted to toll the statute of limitations. The statute remained tolled until April 20, 1999, twenty-one days after the Illinois Appellate Court affirmed the denial of that petition, because Villatoro did not move to appeal the appellate court decision to the Illinois Supreme Court.

If Villatoro's successive petition was properly filed, it would also have the effect of tolling the one-year statute of limitations. Otherwise, Villatoro did not file his federal petition until 412 days after his conviction became final and it is barred. Therefore, we must determine whether the successive petition was properly filed.

The Illinois Post-Conviction Hearing Act, 725 ILCS 5/122-1 *et seq.*, provides a remedy to criminal defendants who claim that substantial violations of their constitutional rights occurred at trial. People v. Flores, 153 Ill.2d 264, 272, 606 N.E.2d 1078 (1992); People v. Eddmonds, 143 Ill.2d 501, 510, 578 N.E.2d 952 (1991). As a general rule, the Post-Conviction Hearing Act only contemplates the filing of one post-conviction petition. People v. Jones, 191 Ill.2d 194, 198, 730 N.E.2d 26 (2000). Moreover, section 122-3 of the Post-Conviction Act provides that "[a]ny claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived." 725 ILCS 5/122-3 (West 1998). Successive petitions are permitted, however, when the proceedings on the initial petition were "deficient in some fundamental way." Flores, 153 Ill.2d at 273.

To determine whether a post-conviction petition is "properly filed" for the purposes of the tolling provision of § 2244(d)(2), its delivery and acceptance must be "in compliance with the applicable [state] laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000). In

5

the Seventh Circuit, whether a petition has been "properly filed" is "determined . . . by looking at how the state courts treated it. If they considered the claim on its merits, it was properly filed; if they dismissed it for procedural flaws . . ., then it was not properly filed." Freeman v. Page, 208 F.3d 572, 576 (7th Cir. 2000). We will presume that a state court has considered a case on the merits "'unless the last state court rendering judgment in the case clearly and expressly states that its judgment rests on a state procedural bar.'" Jefferson v. Welborn, 222 F.3d 286, 288 (7th Cir. 2000) (*quoting* Harris v. Reed, 489 U.S. 255, 263 (1989)).

Respondent argues that the Illinois Appellate Court, when it affirmed the denial of the successive post-conviction petition, made it plain that the petition was procedurally barred. We agree. Although the Cook County Circuit Court denied the petition without explanation, the Illinois Appellate Court in its Order stated the following when it denied Villatoro relief: "[w]e have carefully examined the record and the responses filed by defendant and have found no issues of arguable merit to be raised on appeal. The Act contemplates the filing of only one post-conviction petition;[citation omitted] however, successive petitions may be allowed where the proceedings on the initial petition were deficient in some fundamental way....or where fundamental fairness so requires [citation omitted]. Defendant failed to set forth facts in his second petition to establish either exception to **overcome the procedural bars attendant to his claims.**" (Emphasis added).

It is clear that the Illinois Appellate Court, to which we must defer in matters of state procedural law, held that Villatoro's petition was procedurally barred. Therefore, we find that this petition was not "properly filed" within the meaning of § 2444(d)(2) and, accordingly, dismiss Villatoro's petition for habeas corpus because it was not filed within the period allowed

by law.

## CONCLUSION

We grant the motion to dismiss Villatoro's petition for a writ of habeas corpus because he failed to file the instant petition within the one year statute of limitations required by the Antiterrorism and Effective Death Penalty Act. This case is terminated.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: September 27, 2001